PATRICK & OTHERS, Appellants, v. BALLENTINE & OTHERS, Respondents.

1. Under § 3 of act of February 24, 1843, (see Sess. Acts, 1843, p. 83,) which provided that "every person who wishes to avail himself of the benefit of the preceding sections, shall give notice to the owner, owners, or agent, within thirty days after the indebtedness accrued, or the completion of the building or improvement," &c.; held, that one who gives notice of his claim of lien for materials furnished, more than thirty days after the indebtedness for such materials accrues, has lost his lien by his delay, although such notice may have been given within thirty days after the completion of the buildings. (SCOTT, J., dissenting.)

*Appeal from St. Louis Land Court.*

The facts of this case fully appear in the opinion of the court.

*Hudson & Thomas*, for appellants. 1. The date of the last item in the account filed, is the date of the accruing of the accounts. Although this statute of February 24, 1843, provided an extraordinary remedy, it should be liberally construed. The notice of lien may be given either within thirty days after the debt accrues, or thirty days after the completion of the building. The creditor has his election.

*Glover & Richardson*, for respondent. 1. This is wholly a statutory remedy. It was never intended by the law that the

owner should pay his contractor at his peril, or withhold all payments until thirty days after the completion of the building; for, in many instances, several years are required to complete a house ; and it would be paralyzing to the spirit of improvement if the owners of buildings were compelled, by a judicial construction of this law, to withhold all payments to their employees until their work is finished. It is for the encouragement of mechanics that contractors should be paid during the progress of their work; but if it be decided that a sub-contractor for work or the material man can withhold notice to the owner, no matter when the demand accrues, until the building is completed, then every owner, in self-defence, will withhold all payment until thirty days after the building is completed. The true construction to be given to this section is this : if the indebtedness accrues before the completion of the building, notice must be given to the owner within thirty days after such accrual ; and if it does not accrue until the completion of the building, then within thirty days thereafter. The lien is a mere incident of the debt, and, if the position taken by appellants is maintained, cases may occur where the sub-contractor would be defeated in an ordinary action against the contractor, by the statute of limitations, but would escape the operation of that statute by bringing himself within the lien law, and be rewarded for his negligence by making his debt out of the property of another. 2. Within the meaning of the act, the indebtedness accrued on the date of the last item of the account. (9 Mo. 558, 653 ; 12 Mo. 477 ; 16 Mo. 266.)

RYLAND, Judge, delivered the opinion of the court.

This case arises under the mechanics' lien law, for the county and city of St. Louis, passed by the legislature in February, 1843. (Sess. Acts, 1842–3, p. 83.)

The plaintiffs filed their statement and account for materials furnished in the office of the clerk of the Land Court of St. Louis county, on the 3d of September, 1853. The account

Patrick v. Ballentine.

contains a particular statement of each item in it, the date of it, the character of the item, and the price. The first item was furnished and is dated March 11th, and the last item May 28th. The year is not named in the account, but it is obvious that it was 1853 from what appears on the record. The notice of this account, in proper form, was served on the defendant, Ballentine, on the 8th July, 1853, more than thirty days after the last item of the account had been furnished. The account was for materials furnished the defendants, Black and Frakes, for building a house for the defendant, Ballentine. The account for the lumber was closed on the 28th May; the indebtedness for the materials furnished accrued on that day.

On the trial of the *scire facias*, the plaintiffs offered to prove the correctness of their account; the furnishing of the items mentioned; the price at which they were furnished and delivered to the contractors on said building *before the completion* of the same, and that the materials were used in, upon and about the erection and construction of said building, and that the notice mentioned was duly served on defendants within thirty days after the completion of said building. The defendants objected to this evidence, and the court excluded it. The plaintiffs excepted, and then suffered a nonsuit, with leave to move to set the same aside. This motion being made and overruled, the case is brought here by appeal.

The question here is, was this evidence properly excluded? This depends upon the construction of the third section of the act before mentioned, which reads as follows: " § 3. And be it further enacted, that every person who wishes to avail himself of the benefit of the preceding sections, shall give notice to the owner, owners or agent, *within thirty days after the indebtedness accrued, or the completion of the building or improvement*, provided they can be found; and in case they can not be found, then a notice shall be placed upon a conspicuous part of the building or improvements, that there is such an amount due thereon, and that he or they intend to hold the said building or improvements until the true sum due is paid; and a

copy thereof shall be filed with the lien ; but the above limit, in regard to notice, shall not extend to persons having contracts with the owner, owners or agent." Does this section allow the material or lumber merchant, who contracts to furnish the contractor of the work with materials, thirty days after the building or improvements are completed, or thirty days after the indebtedness accrues to him, without regard to the completion of the work on the building or improvement? Every person who wishes to avail himself of the benefits of the preceding sections, shall give notice to the owner, owners or agent, *within thirty days after the indebtedness accrued, or the completion of the building or improvement.* Now what is the meaning of this sentence? Has the party furnishing the materials to the contractor the right to give his notice within thirty days after his debt for the materials furnished has accrued? and has he the right also to lie by until the building is completed and paid for by the owner, and then come forward within thirty days after such completion, give his notice, and affix his lien upon the building for the materials furnished, and subject the owner to a second payment for the materials ?

The act was for the benefit of " every mechanic, artisan, workman or other person doing or performing any work upon or furnishing any materials for buildings or other improvements, or for repairing the same"— not embracing the contractors of the work only, but all workmen engaged by such contractors and doing work on such buildings and improvements. A contractor was thereby prevented from drawing all his pay for the work and then failing to pay his laborers or his lumber merchants. These lumber merchants could give notice within thirty days from the accrual of the indebtedness to them, to the owners of the buildings or improvements, and not wait for the completion. But there might be a class of workmen, or artisans, or others, doing or performing work upon or about such buildings or improvements, whose debts might not become due until the completion of the buildings or improvements ; the accrual of the debts of all such as took place on the completion

Patrick v. Ballentine.

of such buildings or improvements, must be reckoned from such completion, and consequently the notice of these debts must be given within thirty days from the completion of the buildings or improvements.

The contractor who makes the bargain to do the work is not limited to the thirty days in giving his notice. Why so? Because the owner or agent is not liable to be called on by him, for either work or materials furnished, otherwise than in pursuance of his contract. This contract is known to the owner or agent; they know whether there is any thing due the contractor on it or not, and are not liable to be deceived or imposed upon on account of it.

But the thirty days' notice is a limitation upon the demands of others. And, according to our view and interpretation of this statute, the persons furnishing the materials are not allowed to wait until the completion of the buildings or improvements, and within thirty days from the event give their notice. This act was for their benefit among others; but when they can obtain this benefit by one construction, and, at the same time, cause no injury or harm to be done thereby to the owners, that construction should be favored.

Whenever the indebtedness accrues to the persons mentioned in this act, within thirty days thereafter they shall give the notice, if they wish to obtain its benefit. The legislature made the two periods from which the thirty days began to run, in order to embrace every reasonable demand. One period was the accrual of the indebtedness. The other was the completion of the buildings or improvements. No claim should be a lien unless the creditor gave the notice within thirty days after the buildings or improvements were completed. That was the utmost limit for any demand to be made a lien. None should go beyond that. But all were not allowed to wait that long. Whenever the debt was due — whenever the work or labor had been done, and the indebtedness for such was due or had accrued—whenever the materials had been furnished and the payment therefor could be demanded, then, in all such cases, the

notice must be given within thirty days thereafter, or such debts could not be liens on the buildings or improvements. The persons who furnish materials know when their demands become due and payable. Then, within thirty days, let them give the owners notice, and thereby save the owners from paying the contractors for these very materials, which the furnishers may seek to have fastened on the buildings as a lien. Artisans, laborers and others know when their wages become due ; let them give the notice within the thirty days, and thereby save the owners from paying a contractor who might absorb all and leave his workmen nothing.

The act must be construed so as to render the greatest amount of benefit to those for whose interests it was made, and, at the same time, to save from injury the other class of persons upon which it operates, as far as practicable.

In this case, then, the indebtedness accruing on 28th May, and the notice not being given until 8th July following, the thirty days had elapsed and the notice was not in time to affix the debt as a lien on the buildings or improvements of the defendant, Ballentine.

I confess we had some perplexity in construing this statute. But we conclude that the legislature did not intend to fix the running of the thirty days for the notice at any one of two periods for the same debt; that is, the notice should be given within thirty days from the accrual of the debt or from some other event. But that they meant to place the completion of the building and the accrual of the indebtedness as two distinct periods—separate events, from one or the other of which, accordingly as the facts exist, the thirty days should commence running. Any merchant, therefore, furnishing materials to a contractor for a building or improvement, has the right to give the owner notice of his debt from the day of the indebtedness becoming due ; any laborer for his work, from the day his wages become due: not only have they the right, but it is their duty to do so, if they wish the benefit of this statute.

The judgment is therefore affirmed, Judge Leonard concurring.

SCOTT, Judge. This was a proceeding under the act of the 24th February, 1843, entitled "An act for the better security of mechanics and others erecting buildings, or furnishing materials for the same, in the city and county of St. Louis." The only question involved in the record is, whether the plaintiffs, not having given notice to the owner of the building within thirty days after the indebtedness for the materials accrued, are entitled to recover.

The third section of the act above referred to, prescribes that "Every person who wishes to avail himself of the preceding sections, shall give notice to the owner, owners or agent within *thirty days after the indebtedness accrued, or the completion of the building or improvement.*"

It was maintained on the part of the defendants, that this clause of the section should be so construed as to require all indebtedness accruing before the completion of the building or improvement, to be notified to the owner, within thirty days after it was incurred, and all indebtedness incurred at the completion of the building, to be notified within the same time, so that the notice required by law should, in all cases, be given within thirty days after any debt was created, for materials furnished or labor bestowed on the building. This, no doubt, would be the safest construction for the owner, and if the interpretation of the statute could only operate prospectively, there would be no hardship in adopting it. But as any construction it may receive must affect past transactions, I do not feel myself at liberty to depart from the ordinary rules of interpretation, and thereby defeat the just expectations which were founded on the words of the law. Where the words of a statute are of a doubtful meaning, courts will always adopt such a construction as will produce the least inconvenience ; but when the language of a law is plain, the duty of the courts is to follow its direction. The adoption of the interpretation contended for by the defendants, would defeat a settled rule of the construction which requires that all the words of a statute should have some effect, where it is possible. Now, if we hold that the meaning of the

law is that notice should in all cases be given within thirty days after any indebtedness has been created, we deprive of all force and effect the words, *after the completion of the building or improvement.*

The mischiefs of the contrary construction are more imaginary than real. Persons whose necessities compel them to labor for a livelihood, are not apt to be too indulgent to those who employ them, or buy their materials. Their wages are necessary for their support, and there is no danger that the owners of buildings will sustain any injury by their remissness in collecting them. In my opinion, the judgment should be reversed.